UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAVOUNT PETERSON,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT CHETIRKIN, et al.<br><br>    Respondents. | Civ. No. 21-8716 (KM)<br><br>**MEMORANDUM AND ORDER** |

    Pro se Petitioner Lavount Peterson, a state inmate confined at East Jersey State Prison, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Petitioner challenges a 1998 New Jersey state conviction after a jury trial resulting in a life sentence for murder and several related weapons offenses. (*Id.*). For the reasons below, I will administratively terminate this action pending a response from Petitioner to the *Mason* notice below.

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second or successive habeas petition under § 2254 must be dismissed unless certain very specific and rare circumstances (not clearly present here) exist. See 28 U.S.C. § 2244. "As a result of the AEDPA's two-strike rule, it is essential that habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief." *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000).

    Thus, before a ruling on a *pro se* § 2254 petition, a court must notify the petitioner that he may: (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one year statutory period." *Id.* at 418. This notice is required "out of a sense of fairness." *Id.; see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005) (explaining same). An acknowledgment of this notice is reflected on page seventeen of this Court's blank §2254 petition. *See* AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), "Petition for Relief From a Conviction or Sentence By a Person in State Custody," https://www.njd.uscourts.gov/sites/njd/files/forms/relief%20from %20conviction%20in% 20custody.pdf.

If Petitioner wishes to have his petition ruled on as filed, he may simply send back a signed copy of that page. If he wishes to withdraw the petition and include additional claims "within the one year statutory period," he may send the Court a letter to that effect.

**THEREFORE**, it is on this 27th day of October, 2021,

**ORDERED** that Petitioner shall notify the Court in writing within 45 days of the date of this Order whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one all-inclusive § 2254 petition; and it is further

**ORDERED** that to the extent Petitioner wishes to withdraw his original petition and submit one all-inclusive amended petition, he must submit the amended petition within 45 days of the date of this Court's Order; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank section 2254 form (AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014)); and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action pending Petitioner's response to this Order; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge